UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-20549-Civ-GOLD
MAGISTRATE JUDGE P.A. WHITE

IRVIN ROBINSON,                          :

    Petitioner,                       :

v.                                       :      REPORT OF
                                                MAGISTRATE JUDGE
WALTER A. McNEIL,[1]                     :

    Respondent.                       :
_____

In February 2002, Irvin Robinson, while confined as a state prisoner, instituted pro se habeas corpus proceedings in this Court, challenging his convictions and sentences entered after jury trial in Dade County Circuit Court Case No. 92-40671. Long after Robinson was granted relief, he submitted on May 19, 2009, a pleading entitled, "Requesting Leave of this Honorable Federal District Court for Clarification." (DE# 109). By order entered on June 8, 2009, by the Honorable Alan S. Gold, United States District Judge, the motion has been referred to the undersigned for consideration of the merits and for all necessary and appropriate action. (DE# 110).

In order to appreciate the procedural posture of this case, it is necessary to briefly review the relevant procedural history. Robinson was convicted in 1996, after jury trial, of the offenses of sexual battery and burglary of an occupied dwelling with assault

---

[1] Walter A. McNeil, has replaced James R. McDonough as Secretary of the Florida Department of Corrections, and is now the proper respondent in this proceeding. McNeil should, therefore, "automatically" be substituted as a party under Federal Rule of Civil Procedure 25(d)(1). The Clerk is directed to docket and change the designation of the Respondent.

therein.[2] He was sentenced as an habitual felony offender to concurrent terms of imprisonment of twenty-seven years. His convictions were affirmed by the state appellate court. See Robinson v. State, 711 So.2d 1318 (Fla. 3 DCA 1998). He next unsuccessfully pursued a long and tortuous quest for state postconviction relief with regard to his convictions, which included the claim that his continued confinement was unlawful in that his speedy trial time had expired before he was brought to trial and that he received ineffective assistance of trial counsel with respect to his speedy trial rights. He was repeatedly denied relief by the state courts. See e.g., Robinson v. Moore, 806 So.2d 490 (Fla. 3 DCA 2001); Robinson v. Moore, 823 So.2d 125 (Fla. 2002).

While still seeking state postconviction relief, Robinson filed his federal habeas corpus petition on February 19, 2002, raising *inter alia* the claim that he received ineffective assistance of trial counsel in connection with his speedy trial rights. (DE# 1). His petition was denied by this Court. See Report of Magistrate Judge entered on March 7, 2003 (DE# 85); Order Adopting Report and Recommendation of Magistrate Judge entered on April 30, 2003. (DE# 89). Robinson took an appeal from the denial of his petition and in a decision issued on August 5, 2004, the Eleventh Circuit Court of Appeals reversed the decision of this

---

[2] In brief, the facts of this case as revealed by the evidence presented at trial are as follow. Robinson followed the victim home, and soon thereafter appeared in her apartment, uninvited. (Corrected Initial Brief at 2)(DE# 25; Ex. E). The victim knew Robinson as he was the brother of her ex-boyfriend. Id. As the victim exited her bathroom, Robinson grabbed the victim by her throat and raped her for approximately fifteen to twenty minutes. Id. The victim later identified Robinson as the perpetrator from a photographic array. Id. at 3. A neighbor of the victim testified at trial that he had observed Robinson enter the victim's apartment and then saw the victim exit the apartment about fifteen or twenty minutes later, followed by Robinson who was at the time adjusting his pants and saying that he did not care if the victim telephoned the police. Id. A sperm specimen taken from the victim after examination matched the DNA of a blood sample taken from Robinson. Id. at 4-5.

Court and remanded the case with instructions to grant the writ. See Robinson v. Sec. for Dept. of Corr., No. 03-13500 (11 Cir. August 5, 2004), 116 Fed.Appx. 244 (table)(unpublished). In brief, the appellate court held that Robinson had received constitutionally ineffective assistance of trial counsel in connection with his right to a speedy trial. Id. The mandate issued on October 13, 2004. The decision and mandate resulted in Robinson's convictions and sentences in Miami-Dade County Circuit Court Case No. 92-40671 being vacated without any possibility of retrial.

After issuance of the Eleventh Circuit's opinion and mandate, Robinson filed a Motion for Issuance of the Writ, and the respondent filed a response. (DE# 102, 104). The Court conducted a telephonic conference on the motion, after which Judge Gold entered a written order on November 1, 2004, granting Robinson's petition for writ of habeas corpus and ordering that Robinson be released from incarceration upon completion of any sentences being served in the State of Florida other than the subject sentence imposed in the instant case. See Order Granting Petitioner Irvin Robinson's Motion for Issuance of Writ of Habeas Corpus Pursuant to Mandate of Appellate Court and Ordering Petitioner Released from State Custody. (DE# 106). The Court noted that "Petitioner Robinson has an unrelated conviction in Eleventh Judicial Circuit Court case number 96-16689C, and the convictions and sentences from that case are not affected by this Order." Id. at n.1. Pursuant to this Court's order, Robinson was released from the custody of the Florida Department of Corrections on November 4, 2004. See http://www.dc.state.fl.us.[3] He is not currently in the custody of

---

[3]Records maintained by the Florida Department of Corrections indicate that Robinson was released from the custody of the Department of Corrections on November 4, 2004. See http://www.dc.state.fl.us. The Court takes judicial notice of information available at the database maintained by the Florida Department of

the Florida Department of Corrections or otherwise confined. Id.

More than four and one-half years after his release, Robinson filed the now-pending pleading, entitled, "Requesting Leave of this Honorable Federal District Court for Clarification." (DE# 109). In his pleading, Robinson claims that the State of Florida has not completely complied with this Court's order. Id. at 2-3. Close and careful review of his pleading reveals, however, that his claim does not pertain whatever to the convictions upon which he has already obtained relief, but the convictions entered in Miami-Dade County Circuit Court Case No. 96-16689. Specifically, he states that in unrelated Miami-Dade County Circuit Court Case No. 96-16689, he entered pleas of no contest to the offenses charged in that case and, in exchange for his pleas of no contest, he was sentenced to concurrent three-year terms of confinement, which terms were imposed to run concurrently to the twenty-seven-year term of imprisonment imposed in the subject case (i.e., Miami-Dade County Circuit Court Case No. 92-40671). Id. Robinson maintains that he was expressly advised by the trial court during his change of plea proceeding that "if petitioner[']s case so happens to be Reversed by a Higher Court[,] He Sentencing Judge Stanford Blake, would Reverse the 3 concurrent charges!" Id. at 3. Robinson states that, based upon his success in the instant case, he has attempted to achieve the reversal of his unrelated convictions and sentences, but to no avail. He, thus, claims that his federal constitutional rights have been violated as a result of the breach of contract by the state in Case No. 96-16689. Id.

Review of the computerized docket of the Clerk, Eleventh Judicial Circuit Court in Case No. 96-16689 reveals that on

---

Corrections viewed this date. See Fed.R.Evid. 201.

4

September 13, 1996, Robinson was convicted of the offenses of burglary of an occupied structure, grand theft and a criminal misdemeanor offense. See http://www.miami-dadeclerk.com/dadecoc/.[4] See also http://www.dc.state.fl.us. He was sentenced to concurrent terms of imprisonment of three years as the two felony offenses and a suspended entry of sentence as to the misdemeanor offense. Id. Robinson prosecuted a direct appeal from the convictions, and the appeal was ultimately dismissed on February 28, 1997. See Robinson v. State, 688 So.2d 928 (Fla. 3 DCA 1997)(table). Robinson pursued postconviction relief, filing on or about September 3, 1998, a motion for mitigation of sentence, and the motion was denied on the same date. Id. More than six years later, he filed in November 2004, a motion to vacate his convictions and sentences, and apparently the motion was never disposed of by the trial court and Robinson did not further pursue the motion after his release from confinement.[5] See http://www.miami-dadeclerk.com/dadecoc/.

It is first noted that any challenge to the lawfulness of the convictions and/or sentences imposed in the unrelated criminal case, Miami-Dade County Circuit Court Case No. 96-16689, has no bearing on the instant case. Robinson received all relief for which he was due in the instant case with regard to the convictions and sentences under attack, having been unconditionally released from confinement and not subject to retrial on the charges. Further,

---

[4] The Court takes judicial notice of information available at the database maintained by the Clerk, Miami-Dade County Court in Case No. 96-16689, viewed this date. See Fed.R.Evid. 201.

[5] It is noted that in Florida, pursuant to Rule 3.850(b), no motion shall be filed or considered pursuant to the rule if filed more than two years after the judgment and sentence have become final. Fla.R.Crim.P. 3.850(b). See also Zeigler v. State, 632 So.2d 48, 50 (Fla. 1993), cert. denied, 513 U.S. 830, 115 S.Ct. 104, 130 L.Ed.2d 52 (1994)(two-year time period for challenging a conviction commenced when the conviction alone became final, not when both the conviction and sentence became final); Kissel v. State, 757 So.2d 631 (Fla. 5 DCA 2000)(same). Robinson's Rule 3.850 motion was clearly untimely filed in the state court.

challenges to the unrelated convictions is not appropriate in this federal habeas corpus proceeding. As indicated above, Judge Gold in his order granting Robinson relief, expressly stated that the convictions and sentences entered in Case No. 96-16689 were not affected by the granting of relief in this case. See Order Granting Petitioner Irvin Robinson's Motion for Issuance of Writ of Habeas Corpus Pursuant to Mandate of Appellate Court and Ordering Petitioner Released from State Custody at n.1 (DE# 106). Accordingly, an attack on the lawfulness of the unrelated convictions would have to be by way of a separate petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 filed in this Court. However, dismissal of the instant motion without prejudice to Robinson to file a separate habeas corpus proceeding in this Court is not appropriate under the circumstances here, because dismissal of that future petition would be warranted in that this Court lacks subject matter jurisdiction to entertain such a petition.

Title 28, U.S.C. §2254(a) gives the district courts jurisdiction to entertain petitions for habeas corpus relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." The "in custody" requirement is satisfied if a petitioner is incarcerated as a result of the conviction or sentence under attack at the time the petition is filed. Carafas v. LaVallee, 391 U.S. 234 (1968). On the other hand, if the sentence imposed for a conviction has fully expired, the conviction is no longer subject to habeas corpus attack, even if the possibility exists that it may be used to enhance the sentences imposed for any subsequent crime of which the petitioner may be convicted. Maleng v. Cook, 490 U.S. 488 (1989)(holding that a petitioner is not in custody and thus cannot challenge a conviction when the sentence imposed for that conviction has expired).

Robinson was convicted of the unrelated offenses in Miami-Dade County Circuit Court Case No. 96-16689 on September 13, 1996, and he was sentenced on that date to a three-year term of incarceration. Robinson's sentence in that case was completed and expired on or about September 13, 1999. Robinson has completely served his three-year sentence and is, therefore, not "in custody" on the expired Florida sentence. In <u>Lackawanna County District Attorney v. Coss</u>, 532 U.S. 394 (2001), the Supreme Court held that if a prior conviction is no longer open to direct or collateral attack in its own right because the defendant either failed to pursue those remedies while they were available or did so unsuccessfully, then the defendant may not collaterally attack his prior conviction through a proceeding pursuant to §2254, even if he is currently serving a sentence that was enhanced by that earlier conviction. <u>See also</u> <u>Daniels v. United States</u>, 532 U.S. 374 (2001). The only exception to this rule is if the prior conviction was obtained in violation of the defendant's right to counsel, as set forth in <u>Gideon v. Wainwright</u>, 372 U.S. 335 (1965). <u>Daniels</u>, <u>supra</u>. Review of the computerized docket in Miami-Dade County Circuit Court Case No. 96-16689 reveals that that is not the situation here. <u>See</u> http://www.miami-dadeclerk.com/dadecoc/. Thus, the now-challenged convictions and sentences are now no longer open to direct or collateral attack in their own right. Robinson does not satisfy the "in custody" requirement as to these unrelated convictions, and this Court is without jurisdiction to entertain a §2254 petition for relief from them. <u>Lackawanna</u>, <u>supra</u>. <u>See also</u> <u>Means v. Alabama</u>, 209 F.3d 1241 (11 Cir. 2000).

Even if this Court did have jurisdiction to entertain a future petition, it still would be unable to reach the merits of the claim because any such petition would be time-barred pursuant to 28

7

U.S.C. §2244(d).[6] Robinson had until March 2, 1998,[7] to file a timely §2254 petition challenging the constitutionality of his convictions. Since any future federal petition for writ of habeas corpus would be filed well-beyond one year after the date on which the convictions and sentences became final, the petition would be time-barred pursuant to 28 U.S.C. §2244(d)(1)(A) unless the limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2). As indicated above, Robinson pursued collateral relief. However, Robinson is not entitled to tolling during the time the postconviction proceedings remained pending, because he instituted the state court proceedings after the one-year limitation period had already expired. See <u>Tinker v. Moore</u>, 255 F.3d 1331, 1332 (11 Cir. 2001)(holding that a state petition filed after expiration of the federal limitations period cannot toll the period, because there is no period remaining to be tolled); <u>Webster v. Moore</u>, 199 F.3d 1256, 1258-60 (11 Cir.)(holding that even

---

[6]The statute provides that the limitations period shall run from the latest of —

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

[7]The judgment of conviction and sentence in the now-challenged criminal case became final at the latest on February 28, 1997, the date of the dismissal of the direct appeal proceeding. Accordingly, Robinson would have had until Monday, March 2, 1998, for the filing of a timely federal petition.

properly filed state court petitions must be pending in order to toll the limitations period), cert. denied, 531 U.S. 991 (2000).

Even if this Court were to, instead, apply §2244(d)(1)(D), assuming that Robinson could not discover the factual predicate of the claim raised until at the earliest when he was released from custody in this case on November 2004, a future petition would still be subject to dismissal as time-barred in that his attack on the lawfulness of his convictions is being lodged more than one-year from that date. The record also does not demonstrate that Robinson was in any way impeded by any unconstitutional State action in pursuing state postconviction relief or filing a timely federal petition for writ of habeas corpus. Further, there is no indication whatever in the record that Robinson would be entitled to equitable tolling in that Robinson has not demonstrated that the delay was the result of a rare circumstance beyond his control that was unavoidable with due diligence. See Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007)(holding that for equitable tolling to apply, a petitioner has the burden of proving: "(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). See also Diaz v. Secretary for Dept. of Corr., 362 F.3d 698, 702 (11 Cir. 2004)(characterizing the equitable-tolling standard as a two-part test, stating that "equitable tolling is available only if a petitioner establishes *both* extraordinary circumstances and due diligence."); Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002).

Finally, Robinson's status as an unskilled layperson would not excuse the delay. See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). See also Rivers v. United States, 416 F.3d 1319, 1323 (11 Cir. 2005)(holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required). Robinson has presented no valid justification whatever to excuse him from the one-year limitations period. Consequently, any future petition would be untimely filed and barred by the applicable limitations period.

Besides attempting to challenge his unrelated convictions and sentences, Robinson also appears to challenge as unlawful the conditions of his approximate eight years' unlawful confinement, and he seeks monetary compensation for such conditions. For example, he asserts that he performed all assigned work duties and was not properly compensated for such work. He further appears to contend that his lengthy incarceration had an adverse impact on his health and he did not receive proper medical care for his medical conditions while confined, resulting in the continued deterioration of his health since released from confinement. Again, this long-closed habeas corpus proceeding is not the proper vehicle to obtain such relief. If Robinson intends to seek monetary damages for any or all his allegations concerning the conditions of his past confinement, he must do so by way of a separate civil rights action pursuant to 42 U.S.C. §1983, filed in the appropriate United States

District Court.[8] It should be noted that this Court is in no way suggesting that any such civil rights action can at this late date be pursued and/or has merit and that Robinson would be entitled to the relief he seeks in any future action.

Based upon the foregoing, it is recommended that Petitioner Robinson's pleading entitled, "Requesting Leave of this Honorable Federal District Court for Clarification" (DE# 109) be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

SIGNED this 17th day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Irvin Robinson, Pro Se
     20819 Sailfish Lane
     Cutler Bay, FL 33189

---

[8] Venue for actions under 42 U.S.C. §1983 is governed by 28 U.S.C. §1391(b), which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.